UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY WAYNE YOUNG,

    Petitioner,

v.

WILLIAM KNIPP, Warden; et al.,

    Respondents.
                                   /

No. C 15-493 SI (pr)

**ORDER OF DISMISSAL**

Petitioner, Jerry Wayne Young, is incarcerated at the California Institution for Men in Chino serving a life sentence following a conviction in the San Diego County Superior Court. Young commenced this action by filing a petition/motion to obtain relief from a void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). In his petition/motion, he requests that this court set aside a judgment of conviction from the San Diego County Superior Court that occurred sometime between 1994 and 2001, for which he is still in custody. *See* Petitioner's Ex. F. In his petition/motion, Young requests the following relief: (1) that he be transferred to Donovan State Prison and then unconditionally released from that prison; (2) that an injunction issue against all rulings in his criminal cases in the San Diego County Superior Court; (3) that the court void the "judgment of second unlawful sentencing" in a San Diego County Superior Court case; and (4) that a particular court reporter in San Diego be ordered to transcribe the record for his criminal case in San Diego County Superior Court. *See* Docket # 1 at 10.

There are several problems with the petition that lead the court to conclude that the action must be dismissed. First, Rule 60(b)(4) is the wrong vehicle for the relief Young seeks. Rule 60(b) allows the court to grant relief from one of its own judgments, and does not provide a mechanism to obtain relief from the judgment of another court. Rule 60(b) has no application

to Young's problem because he is not seeking relief from a judgment of this court. Young's petition/motion to set aside the void judgment is DENIED. Docket # 1. Second, the exclusive method by which a state prisoner may challenge his conviction in federal court is in a petition for writ of habeas corpus. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Young want to challenge his state court conviction or sentence in federal court, he must file a petition for writ of habeas corpus to do so. Third, to the extent his petition/motion seeks other relief (e.g., the preparation of a transcript or a transfer to another prison) that would not result in his speedier release from prison, he could pursue such relief in a civil rights complaint under 42 U.S.C. § 1983 if he can allege claims for violations of his rights under the constitution, laws or treaties of the United States. *See Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'") The court will not construe the Rule 60(b) motion to be a civil rights complaint. Fourth, the Northern District of California is not the proper venue for either a habeas action or a civil rights action by Young because he was not convicted in this district, is not confined in this district, and no defendant resides in this district. The proper district for Young to file a petition for writ of habeas corpus is the Southern District of California because he was convicted and sentenced in the San Diego County Superior Court, which is located within the venue of the Southern District of California. *See* 28 U.S.C. § 2241(d). The proper district for Young to file a civil rights action is the district where any defendant resides or in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

When an action is filed in the wrong district, the court may "dismiss, or if it be in the interest of justice, transfer such a case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Here, the action cannot proceed merely under the authority of Federal Rule of Civil Procedure 60(b), and Young must choose whether to file a habeas petition, a civil rights complaint or both. It is not in the interest of justice to transfer this procedurally deficient action to the proper venue. Accordingly, this action is DISMISSED because it was filed in the wrong

venue. *See* 28 U.S.C. § 1406(a).  This dismissal is without prejudice to Young filing a petition for writ of habeas corpus and/or a civil rights complaint in the proper venue.  The clerk shall close the file.

    IT IS SO ORDERED.

DATED: March 9, 2015

_____
SUSAN ILLSTON
United States District Judge